# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DANIELLE STEINBERGER,
Administrator of the Estate of
Drew Steinberger, et al.,

       Plaintiffs,               :        Case No. 3:10-cv-015

                                      District Judge Timothy S. Black
    -vs-                                  Magistrate Judge Michael R. Merz

                               :

STATE FARM AUTOMOBILE
INSURANCE, et al.,

       Defendants.

## DECISION AND ORDER ON MOTIONS TO BIFURCATE AND STAY

This case is before the Court on Defendants' Motions to Bifurcate and Stay Plaintiffs' Bad Faith Claims (Doc. Nos. 31, 32, 33). Plaintiffs oppose both branches of the Motions (Doc. No. 34) and Defendant Merchants Mutual has file a Reply in support (Doc. No. 39). The Motions are non-dispositive and therefore within the decisional authority of the Magistrate Judge.

This case was initially filed in the Preble County Common Pleas Court and removed to this Court under 28 U.S.C. §§ 1441 and 1446 upon the assertion that the parties were of diverse citizenship (Plaintiffs of Ohio; Defendant Merchants Mutual of New York; Defendant State Farm of Illinois; and Defendant Berry of Indiana) and the amount in controversy exceeded $75,000, exclusive of interest and costs (Notice of Removal, Doc. No. 1, PageID 1-4.) The Complaint alleges injuries arising from an automobile accident occurring in Wayne County, Indiana, on December 31, 2007, and resulting tort claims against Defendant Berry (Claims for Relief One through Four), a combined breach of contract and bad faith claim against Defendant State Farm (Claim Five), and

1

a combined breach of contract and bad faith claim against Defendant Merchant Mutual (Claim Six) (Complaint, Doc. No. 1-2, PageID 7-16).

## The Parties' Positions

Defendants seek bifurcation under Fed. R. Civ. P. 42 and note in their[1] opening memorandum bifurcation under Rule 42 rests in the sound discretion of the trial court, (Motion, Doc. No. 31, PageID 225, *citing Hoffman v. Merrell Dow Pharms, Inc*., 857 F.2d 290 (6th Cir. 1998), and *Smith v. Allstate Ins. Co.*, 403 F.3d 401 (6th Cir. 2005)). Defendants then note precedent for bifurcating the particular claims they seek to have bifurcated here, insurance contract and bad faith claims. *Id.* PageID 226, *citing Smith and Boone v. Vanliner Ins. Co.*, 91 Ohio St. 3d 209, 744 N.E. 2d 154 (2001). Ultimately, Defendant argues it would be an abuse of discretion not to bifurcate and stay in a case of this sort, *citing Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App. 3d 258, 800 N.E. 2d 757 (Ohio App. 2nd Dist. 2003).

In opposing bifurcation, Plaintiff relies on a number of cases from this Court. In *General Elec. Credit Union v. Natl. Fire Ins*., 2009 WL 3210348 (S.D. Ohio 2009), Magistrate Judge Black[2] set forth the general standards applicable to bifurcation motions and applied them to deny bifurcation in a case which, like this one, involved both contractual and extra-contractual claims against an insurer. In *Prof. Direct Ins. Co. v. Wiles, Boyle, Burkholder & Bringard*, 2008 WL 4758679 (S.D. Ohio 2008), Judge Smith denied bifurcation of contractual and extra-contractual

---

[1]Defendant State Farm filed separately but adopted Defendant Merchant Mutual's arguments.

[2]Timothy S. Black was commissioned as a District Judge of this Court on May 13, 2010. The above-captioned case was transferred to him from District Judge Rice on May 25, 2010 (Doc. No. 23).

claims in a case, like this one, involving insurance coverage. To the same effect is *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, 2008 WL 4823069 (S.D. Ohio 2008), also decided by Judge Smith. In *Wolkosky v. 21st Century Cent. Ins. Co.*, 2010 WL 2788676 (S.D. Ohio 2010), Judge Frost denied bifurcation in a case involving litigation of uninsured/underinsured coverage and a bad faith claim in an automobile accident case. In *Woods v. State Farm Fire & Cas. Co.*, 2010 WL 1032018 (S.D. Ohio 2010), Chief Magistrate Judge Kemp denied bifurcation of bad faith and contractual claims.

In its Reply, Merchants Mutual elevates what was a claim on the Court's discretion in the initial Motion to the level of a constitutional right to bifurcation, asserting, *inter alia*, that "the authorities cited by plaintiffs from [this Court] are neither relevant nor controlling on this substantive issue of bifurcate [sic] to protect privilege." (Reply, Doc. No. 39, PageID 297-298.)

**Analysis**

While Defendants rely on Fed. R. Civ. P. 42 which authorizes separate trials on separate issues or claims, what they really seek is to bifurcate the case, staying all discovery on the bad faith claim until there has been a judgment or at least a verdict on the contractual claims. However, a district court does have discretion to stay discovery on an insurance bad faith claim pending decision on an underlying contractual issue. *Smith v. Allstate Ins. Co.*, 503 F.3d 401, 407 (6th Cir. 2005), *citing Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304-05 (6th Cir. 2003).

In the exercise of its discretion in deciding whether to bifurcate issues for trial, "the court should consider several facts, including 'the potential prejudice to the parties, then possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339

(6th Cir. 2007), *quoting Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997). *Wilson* involved bifurcating the issues of individual and municipal liability in the trial of a 42 U.S.C. § 1983 civil rights case. In *Saxion v. Titan-C-Mfg.,* 86 F.3d 553 (6th Cir. 1996), upholding separate trials of liability and damages in a WARN Act case, the court held that a trial may be bifurcated when any one of the three considerations mentioned in Fed. R. Civ. P. 42(b) is met, to wit, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *Id*. at 556, *citing MCI Communications Corp. v. American Telephone & Telegraph Co.,* 708 F.2d 1081, 1177 (7th Cir.), *cert. denied,* 464 U.S. 891 (1983). All parties to this case appear to agree that the standards applicable to bifurcation of trials under Fed. R. Civ. P. 42(b) should be applied to deciding the instant Motions.

In the ordinary use of the bifurcation power at trial, a court may have in mind efficiency of juror consideration. For example, if the jury decides the individual officer committed no constitutional violation, there is no need to try the municipal liability question. *See Wilson, supra.* Or it may have in mind avoiding prejudice to a party. For example, in a catastrophic damages but weak liability case, the damages may overwhelm a rational decision on liability. But in these two classic cases of bifurcation, it is the trial of issues which is bifurcated, not the entire case. What Defendants ask the Court to do is to stay all discovery on the bad faith claims until there is a jury verdict on the contract claims. While it is certainly true that disposition of the contract claims may obviate any need to deal with the bad faith claims, if it does not, then discovery must start over and presumably a second jury would have to be impaneled to eventually try the bad faith claims. In contrast in the two classic bifurcations just mentioned, the same jury hears the additional evidence, which has already been discovered, on municipal liability or damages. Defendants have not shown it is conducive to judicial economy or the convenience of anyone to bifurcate the case as they have requested.

It is far too early to tell whether jurors might be confused by simultaneous presentation of the contractual and extra-contractual claims. In any event, that factor need not be considered now, but can be considered when the case is ready for trial. In other words, nothing about potential confusion of jurors suggests bifurcating the case by postponing all discovery on the bad faith claims until after a verdict on the contract claims.

Defendants' real emphasis is on the possibility of prejudice if they are obliged to provide discovery on the bad faith claims before there is a verdict on the contract claims. Here they rely principally on *Garg v. State Auto. Mut. Ins. Co.*, 155 Ohio App. 3d 258, 800 N.E. 2d 757 (Ohio App. 2nd Dist. 2003). Judge Wolff's opinion in *Garg* concluded it would be "grossly prejudicial" to Grange Mutual in that case to require it to proceed on the bad faith claim until the contractual claim had been decided. Defendants assert that '[s]ince *Garg*, bifurcation has been recognized as the proper, routine practice under Ohio law where – as here – discovery of privileged attorney-client communications and protected attorney work product is sought relative to a bad faith claim before issues of coverage have been adjudicated," (Reply, Doc. No. 39, PageID 296-297, citing six Ohio appellate decisions.)

It is at this point that Defendants assert these Ohio appellate decisions are controlling and the prior decisions of this Court cited by Plaintiff are irrelevant "on this substantive issue of bifurcate [sic] to protect privilege." *Id*. PageID 298. This Court disagrees. Defendants argue:

> The United States Sixth Circuit Court of Appeals has held that "[w]here a state's highest court has not spoken on a precise issue, a federal court, sitting in a diversity case, may not disregard a decision of the state appellate court on point, 'unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Pratt v. Brown Machine Co., Div. of John Brown, Inc.*, 855 F.2d 1225, 1239 (6th Cir. 1988) (quoting *Kochins v. Linden-Alimak, Inc.,* 799 F.2d 1128, 1140 (6th Cir. 1986)) (emphasis added).

(Reply, Doc. No. 39, PageID 297.) That proposition of law is quite correct, but it only applies to the substantive law of Ohio. A federal court exercising diversity subject matter jurisdiction over state

5

law claims, as the Court is in this case, must apply state substantive law to those claims. 28 U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States). But the issue of bifurcation is procedural, not substantive. In *Wolkosky, supra,* Judge Frost expressly determined that a bifurcation issue of the sort presented here is governed by Fed. R. Civ. P. 42 because he concluded that Rule is within the scope of the Rules Enabling Act, applying the analysis required by *Hanna v. Plumer*, 380 U.S. 460 (1965), and *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1978). Thus while the Court will apply Ohio substantive law in deciding this case, it applies federal procedural law in deciding the bifurcation issue.[3]

The gravamen of Defendants' prejudice argument is not about trial presentation, but about being forced to divulge in discovery material protected by attorney-client privilege and work product protections. Defendants discount Plaintiffs' claim that their prejudice assertion is conjectural by noting that Plaintiffs have already sought in discovery material coming within those protections. However, the Federal Rules of Civil Procedure provide a more nuanced way of preserving those protections that staying all discovery on the bad faith claims. Under Fed. R. Civ. P. 26(b)(5), Defendants may, in their response to discovery requests, expressly claim the privilege as to certain identified documents or information and describe in sufficient detail to permit assessment of the claim, first by opposing counsel and then, if necessary, by the Court.

In adjudicating any claim of attorney-client privilege, the Court will apply Ohio law on that subject. However, contrary to Defendants' suggestion (Reply, Doc. No. 39, PageID 293), Ohio privilege law applies not because it is "substantive," but because the Congress of the United States

---

[3]In light of Judge Frost's reasoning in *Wolkosky,* Defendants' assertion (Reply, Doc. No. 39, PageID 299) that Ohio Revised Code § 2315.21 entitles them to a bifurcated trial on punitive damages is at least questionable.

6

has commanded federal courts to apply state privilege law in cases such as this by adopting Fed. R. Evid. 501. Declaration by a state legislature that something is a "substantive" or as in Ohio Revised Code § 2317.02 "substantial" right cannot control the authority of the Congress to regulate procedure in federal courts. *See Sibbach v. Wilson*, 312 U.S. 1, 14 (1940).

In accordance with the foregoing analysis and pursuant to the ample cited authority from this Court, the Motions to Bifurcate and Stay are denied.

September 9, 2010.

                                               s/ **Michael R. Merz**
                                                  United States Magistrate Judge